ON MOTION FOR REHEARING
PER CURIAM.
The motion for rehearing is hereby denied.
Merrill Lynch has filed a motion for rehearing in which it (a) asserts that this court’s statement in the opinion filed September 10, 1980, that Mr. Adams explicitly testified that Mrs. Adams had no connection with the commodities trading account involved in this litigation is unsupported by the record, and (b) urges that the testimony of Mrs. Adams estops her from denying that she was a knowing participant in the account.
Our review of the record leads us to conclude that Merrill Lynch’s assertion as to the lack of record support for our statement as to the explicit testimony of Mr. Adams relative to the lack of any connection between Mrs. Adams and the account is correct. Mr. Adams in a deposition dated September 23, 1976, did testify that Mrs. Adams had no connection with the account. *6 However, while other portions of the deposition were, on motion of Merrill Lynch, admitted into evidence, the portion containing the exculpatory testimony relative to Mrs. Adams was not admitted into evidence. We therefore recede from our statement that Mr. Adams gave explicit testimony that Mrs. Adams had no connection with the account in question.
However, our misstatement is immaterial to our decision of September 10, 1980, since Merrill Lynch’s argument for affirmance rested on estoppel. We found no merit in that argument and adhere to our opinion. Further, a reiteration of the estoppel argument in the motion for rehearing is an insufficient and improper- ground for granting the motion. Fla.R.App.P 9.330(a).
The motion for rehearing is hereby denied.
DOWNEY and HURLEY, JJ., SHARP, G. KENDALL, Associate Judge, concur.